IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LIFE PARTNERS CREDITORS' TRUST and ALAN M. JACOBS, TRUSTEE,** § § § § § § § § § § § § § | |
| Plaintiffs, | |
| VS. | Civil Action No. 4:19-CV-00497-O |
| **JAMES ALEXANDER, et al.,** | |
| Defendants. | |

### ALEXANDER DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTION TO CERTIFY CLASS ACTION AND BRIEF IN SUPPORT

Respectfully submitted,

 /s/ Thomas S. Brandon, Jr.
Thomas S. Brandon, Jr.
Texas Bar Number 02881400
tbrandon@whitakerchalk.com

Robert A. Simon
Texas Bar Number 18390000
rsimon@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
817-878-0500 (main)
817-878-0532 (direct dial)
817-878-0501 (fax)

**ATTORNEYS FOR ALEXANDER DEFENDANTS**

Thomas S. Brandon, Jr.
Texas Bar No. 02881400
Robert A. Simon
Texas Bar No. 18390000
**WHITAKER CHALK SWINDLE**
**& SCHWARTZ, PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0532
Facsimile: (817) 878-0501
tbrandon@whitakerchalk.com
rsimon@whitakerchalk.com

**Attorneys for Alexander Defendants[1]**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § § **LIFE PARTNERS HOLDINGS, INC.,** § § Debtors. § § | **CASE NO. 15-40289-rfn11** **JOINTLY ADMINISTERED** **(Chapter 11)** |
| **LIFE PARTNERS CREDITORS' TRUST** § and **ALAN M. JACOBS, TRUSTEE** § § vs. § § **JAMES ALEXANDER, et al.** § § | **ADV. PRO. NO. 16-04036-rfn** |

### ALEXANDER DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
### MOTION TO CERTIFY CLASS ACTION AND BRIEF IN SUPPORT

---

[1] *Alexander Defendants includes: James Alexander, Melchor Balazs, Isabel Balazs, A. H. Brorman, Dorothy Brorman, Russel J. Cepelak, Clair Crossland, Steven B. Deck, John Russell Gove, Ronald Larry Hankins, William Hinds, Geoff B. Horst, Janet K. Horst, Geoff Horst and Janet Horst, as Joint Tenants, James T. Lee, David W. Lynn, John R. Murray, William Michael Tolleson, Dean Vagnozzi, Elizabeth A. Cline, Robert G. Westrup, Steven T. Gibson, Steve Brorman, John P. Ley, Susan Nieder-Cassel, Katherine A. Hufstetler, Hollis Steven Hufstetler, and David DeBusk.*

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................... ii-iv
A.   Background .......................................................................................................................... 1
B.   Failure to Satisfy Rule 23(b). ............................................................................................... 3
C.   Failure to Satisfy Rule 23(a). ............................................................................................... 5
D.   Improper Venue. ................................................................................................................... 7
E.   Payment of Class Counsel and Giving Notice ..................................................................... 9

# TABLE OF AUTHORITIES

### CASES

*Ahmad v. Old Republic Nat'l Title Ins. Co.*
    690 F.3d 698 (5th Cir. 2012) ..................................................................................................6

*Braniff Airways, Inc. v. Interfirst Bank, Dallas, N.A. (In re Braniff Airways, Inc.)*
    22 B.R. 1005 (Bankr. N.D. Tex. 1982, Fort Worth Div.).................................................. 10

*Cf. Chevron Corp. v. Donziger*
    871 F. Supp. 2d 229 ..................................................................................................................8

*Creditors' Trust v. Crown Packaging Corp. (In re Nukote Int'l, Inc.)*
    457 B.R. 668 (Bankr. M.D. Tenn. 2011) .............................................................................7, 8

*Dudley v. Southeastern Factor & Finance Corp.*
    57 F.R.D. 177 (N.D. Ga. 1972)............................................................................................. 10

*DynAmerica Mfg., LLC v. Johnson Oil Co., LLC (In re DynAmerica Mfg., LLC)*
    No. 08-11515, 2010 WL 1930269, 2010 Bankr. LEXIS 1384
    (Bankr. D. Del. May 10, 2010) ................................................................................................7

*First Federal of Mich. v. Barrow*
    878 F.2d 912 (6th Cir. 1989) ...................................................................................................5

*Gentry Steel Fabrication, Inc. v. Howard S. Wright Constr. Co.*
*(In re Gentry Steel Fabrication, Inc.)*
    325 B.R. 311 (Bankr. M.D. Ala. 2005)............................................................................. 8, 9

*Gray v. Shapiro (In re Dehon, Inc.)*
    298 B.R. 206 (Bankr. D. Mass. 2003) ................................................................................ 10

*Klein v. ODS Techs., LP (In re J&J Chemical, Inc.)*
    596 B.R. 704 (Bankr. D. Idaho 2019).................................................................................7, 8

*Lynch v. MH Liquidating Co.*
    82 F.R.D. 478 (D. S. Dak. 1979) ......................................................................................... 10

*Miller v. Hirn (In re Raymond)*
    No. 08-82033, 2009 WL 6498170, 2009 Bankr. LEXIS 2053
    (Bankr. N.D. Ga. June 16, 2009) ............................................................................................7

*Moyer v. Bank of America, N.A. (In re Rosenberger)*
    400 B.R. 569 (Bankr. W.D. Mich. 2008)...............................................................................7

*Muskin, Inc. v. APA Transport Corp. (In re Little Lake Industries, Inc.)*
    146 B.R. 463 (Bankr. N.D. Cal. 1992) ...................................................................................7

*Muskin, Inc. v. Strippit, Inc. (In re Little Lake Industries, Inc.)*
    158 B.R. 478 (9th Cir. Bankr. App. 1993).............................................................................7

*Noonan v. Ind. Gaming Co., L.P.*
    217 F.R.D. 392 (E.D. Ky. 2003)..............................................................................................6

*Rattray v. Woodbury County*
    253 F.R.D. 444 (N.D. Iowa 2008) ..........................................................................................4

*Redmond v. Gulf City Body & Trailer Works, Inc. (In re Sunbridge Capital, Inc.)*
　　454 B.R. 166 (Bankr. D. Kan. 2011) ...................................................................................7

*Reliance Ins. Co. v. U.S. Bank, N.A.*
　　143 F.3d 502 (9th Cir. 1998) ...............................................................................................8

*Ross v. Buckles (In re Skyline Manor, Inc.)*
　　No. BK 14-80934, 2015 Bankr. LEXIS 4258 (Bankr. D. Neb. Dec. 18, 2015) ..............7, 8

*Tilley v. TJX Cos.*
　　345 F.3d 34 (1st Cir. 2003) ..............................................................................................4, 5

*Turnbow v. Life Partners, Inc.*
　　No. 3:11-CV-1030-M, 2013 WL 3479884,
　　2013 U.S. Dist. LEXIS 97275 (N.D. Tex. July 9, 2013) .....................................................6

*Universal Group Dev., Inc. v. Wanzhong Yu*
　　No. 1:15-CV-0002, 2015 WL 2194811, 2015 U.S. Dist. LEXIS 60201
　　(D. N. Marina Islands) ........................................................................................................8

*Wal-Mart Stores, Inc. v. Duke*
　　564 U.S. 338 (2011) ........................................................................................................5, 6

*Webster Republic Nat'l Distributing Co., LLC (In re Tadich Grill of Wash. DC LLC)*
　　598 B.R. 65 (Bankr. D.D.C. 2019) ......................................................................................7

*Weinman v. Fidelity Capital Appreciation Fund (In re Integra Resources, Inc.)*
　　354 F.3d 1246 (10th Cir. 2004) ...........................................................................................5

*Wilborn v. Wells Fargo Bank, N.A. (In re Wilborn)*
　　609 F.3d 748 (5th Cir. 2010) ...........................................................................................4-6

*Wood v. Wood (In re Wood)*
　　825 F.2d 90 (5th Cir. 1987) .................................................................................................8

### STATUTES
11 U.S.C. § 503(b)(3)(D) ............................................................................................................ 10
11 U.S.C. § 503 (b)(4) ................................................................................................................. 10
28 U.S.C. § 1409(b) ............................................................................................................. 3, 7, 8
28 U.S.C. § 1409(c) ......................................................................................................................8

### RULES
Federal Rules of Civil Procedure
23(a) .........................................................................................................................................2-6
23(a)(3) ....................................................................................................................................2, 5
23(b) .........................................................................................................................................2-6
23(b)(1) ....................................................................................................................................2, 6
23(b)(1)(A) ...............................................................................................................................2, 4
23(b)(1)(B) ........................................................................................................................... 2, 4, 5

23(b)(2) ..................................................................................................................................5
23(b)(3) ...............................................................................................................................5, 6
23(g)(1) ..................................................................................................................................9
23(g)(1)(A)(i-iv) ....................................................................................................................9
23(g)(1)(D) .............................................................................................................................9
23(g)(1)(E) .............................................................................................................................9
23(g)(3) ................................................................................................................................10

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Now come the Alexander Defendants ("Respondents"), namely, James Alexander, Melchor Balazs, Isabel Balazs, A. H. Brorman, Dorothy Brorman, Russel J. Cepelak, Clair Crossland, Steven B. Deck, John Russell Gove, Ronald Larry Hankins, William Hinds, Geoff B. Horst, Janet K. Horst, Geoff Horst and Janet Horst, as Joint Tenants, James T. Lee, David W. Lynn, John R. Murray, William Michael Tolleson, Dean Vagnozzi, Elizabeth A. Cline, Robert G. Westrup, Steven T. Gibson, Steve Brorman, John P. Ley, Susan Nieder-Cassel, Katherine A. Hufstetler, Hollis Steven Hufstetler, and David DeBusk, individually named as Defendants, and file these objections to the Plaintiffs' Motion for Certification of a Defendant Class in this action [AP Doc No. 460 filed on May 31, 2019] ("Motion") and brief in support thereof, showing the Court as follows:

A. **Background.**

1. On March 11, 2016, the Trustee filed his Complaint against, among others, Respondents [AP Dkt No. 1]. The Trustee filed an Amended Class Action Complaint on April 5, 2016 [AP Dkt No. 19], and subsequently filed the Second Amended Class Action Complaint on January 20, 2017 [AP Dkt No. 41] ("SACAC"). The SACAC is lengthy, containing some 333 numbered paragraphs and naming 197 individually named Defendants as purported Class representatives and an unnamed Class of Defendants, which now, according to Plaintiffs' Motion to certify the class, includes about 2,196 members of the purported Class. See Plaintiffs' Motion [Dkt 460] at paragraph 24. Further, the members of the purposed Defendant Class and Subclasses are located in many of the United States [see Dkt 460 at paragraph 30]. Presumably from this allegation, many of the Class Defendants reside outside the Northern District of Texas.

2. The SACAC contains six (6) counts, core and non-core claims. Those claims are:

   a. Counts I through IV assert claims to avoid fraudulent transfers (based upon the Texas Fraudulent Transfer Act and the Bankruptcy Code);
   b. Count V asserts a claim for preference; and,
   c. Count VI asserts a claim for disallowance of any claims filed by Defendants against the Debtors' estates (although no claims are known to have been filed by any shareholders).

3. The SACAC in part VI ("Class Action Allegations"), paragraph 267, says this action is maintainable as a class action under FED.R.CIV.P. 23(a)&(b)(1) [Dkt 41, Page 55 of 79]. This is elucidated in paragraphs 273 and 274 [*id*., Page 59 of 79]. However, in fact the SACAC does not demonstrate the applicability of either 23(b)(1)(A) or 23(b)(1)(B) as there cited. No other subsections of Rule 23(b) are invoked. Therefore, the SACAC fails to demonstrate that this case is susceptible of being maintained as a class action against the putative Defendant Class. Further, the Plaintiffs propose that the Class be divided into 3 subclasses[2] on the basis of the date upon which the alleged class members received the dividends which Plaintiffs allege to be fraudulent transfers.

4. Plaintiffs' claim in their Motion that they have met the *typicality* requirement of Rule 23(a)(3) of FED.R.CIV.P. However, this fails because the defenses of the representative parties are not typical of at least some of the defenses of at least some of the members of the Class. Further, many of the Defendants who have been sued actually held shares of stock in their personally directed IRAs. Nowhere in either the SACAC or the Motion to Certify the Class do the Plaintiff refer to this fact. In fact, several of the Defendants named as alleged class representatives and who are also Respondents herein owned the stock of LPHI in their IRAs and received the

---

[2] Although in paragraph no. 18 of the Plaintiffs' Motion for Class Certification [Doc 460] the Plaintiffs request the Court to certify a Defendant Class and four Defendant Subclasses. So, the requested fourth subclass is undefined.

dividends directly into their IRAs.  The claims and defenses of the IRA shareholders are separate and distinct from those of individual Defendants named and the unnamed individuals composing the purported Class.  Further, some of the named individual Defendants are sued in their capacity as Trustees of Trusts which held the shares of stock or the trusts itself has been sued.  Again no reference to this distinction in Defendants has been made by the Plaintiffs in their SACAC.

5.    Also, insofar as many of the putative Class Defendants are individuals who reside in Districts outside the Northern District of Texas, and the claims against them are "small claims" or "debts" under 28 U.S.C. § 1409(b)(i.e., debts [including fraudulent transfers] in the amount of $13,650 or less), those Defendants have a right to be sued **only** in the District in which they reside under this **mandatory venue** provision, so venue is improper as to a great many Defendants.  In the SACAC, Plaintiffs have named 197 individual Defendants (see the SACAC, paragraphs 16 – 213) whom they claim are adequate class representatives on behalf of the purported Class.  Of that number at least 160 reside outside the Northern District of Texas[3] pursuant to the Plaintiffs' allegations. It is currently not known but can safely be assumed that a great majority of the individuals in the purported Class also reside outside the Northern District of Texas.  Further, it is not presently known how many of those Defendants who reside outside the Northern District of Texas are being sued for debts in the amount of or less than $13,650.  This further defeats class certification.

B.    **Failure to Satisfy Rule 23(b).**

6.    A class may be sued via representative parties only if *all* the prerequisites of Rule 23(a) and at least *one* of the categories of Rule 23(b), FED.R.CIV.P., are satisfied.  See Rule 23;

---

[3] At least two of the named individual defendants whom Plaintiffs claim will be adequate representatives of the Class are actually residents of Canada (See SACAC paragraphs nos. 111-112).

*Wilborn v. Wells Fargo Bank, N.A. (In re Wilborn)*, 609 F.3d 748, 755 (5th Cir. 2010); *Tilley v. TJX Cos.*, 345 F.3d 34, 37 (1st Cir. 2003). "Because we agree that class certification was improper under Rule 23(b), we need not address [the] challenge under Rule 23(a)." *Wilborn*, *supra*.

> 7. In SACAC paragraph 273, Plaintiffs allege Rule 23(b)(1)(**A**) is satisfied because:
>
> separate actions against individual members of the Defendant Class or Defendant Subclasses would create a risk of inconsistent or varying adjudications with respect to individual class or subclass members that would establish incompatible standards of conduct **and results** for LPHI.

However, Rule 23(b)(1)(A) allows class actions only for "incompatible **standards of conduct** for the party opposing the class." *Id.*[4] This suit has *nothing to do* with any "standard of conduct" by the Plaintiffs. All Plaintiffs are *actually* arguing is the possibility of inconsistent "**results**," which is *not applicable* to **this** subdivision. This is unambiguous, and also the cases Plaintiffs cite do not show otherwise. Therefore, Plaintiffs failed to establish the applicability of 23(b)(1)(**A**).

> 8. In SACAC paragraph 274, Plaintiffs allege Rule 23(b)(1)(**B**) is satisfied because:
>
> separate actions against each of the individual members of the Defendant Class or Defendant Subclasses and the defenses asserted by each could, as a practical matter, be dispositive of the interests of other members who are not parties or would substantially impair or impede their ability to protect their interests.

However, this is a "***stare decisis***" argument—*i.e.*, that non-class members would be bound by the conclusions of law this Court might reach as to the named party Defendants. But the "majority view" is that "the certification of a class under Rule 23(b)(1)(B) cannot rest solely on an anticipated stare decisis effect." *Tilley*, 345 F.3d at 42 (and see cases there cited). Were *stare decisis* sufficient under 23(b)(1)(B), "it would render the other categories under Rule 23(b) superfluous." *Id.* at 41.

---

[4] *Cf. Rattray v. Woodbury County*, 253 F.R.D. 444, 458 (N.D. Iowa 2008) ("Rule 23(b)(1)(A) takes in cases where the party is obliged by law to treat the members of the class alike (a utility acting toward customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners).") (citations and quotation marks omitted)., *aff'd*, 614 F.3d 831 (8th Cir. 2010).

The Fifth Circuit does not appear to have addressed this issue. Movants ask that the Court follow this "majority view" as it is persuasive and well-reasoned.[5]

C.     **Failure to Satisfy Rule 23(a).**

9.     Further, Plaintiffs cannot maintain this suit as a class action under Rule 23(a)(3), because "the claims or defenses of the representative parties are [not] typical of the claims or defenses of the class." Many shareholders sued are **IRAs** of individuals including some of the Respondents, while others, including most of the Respondents, are **individuals**. The Plaintiffs either cannot recover against the *IRAs*; or, at least, there are *tax issues* with respect to IRAs not "typical" of those respecting Defendants *individuals*. This requires "an individual assessment of the claims." *Wilborn*, 609 F.3d at 756. "The bankruptcy court cannot require [Defendants] to simply disgorge all [dividends]." *Id.* (bracketed material substituted). The circumstances "may vary from debtor to debtor." *Id.*

10.     Although *Wilborn* addressed Rule 23(b) and a putative plaintiffs class, Respondents

---

[5] Respondents acknowledge that a contrary result was reached in a case cited by Plaintiffs, *Weinman v. Fidelity Capital Appreciation Fund (In re Integra Resources, Inc.)*, 354 F.3d 1246, 1263-66 (10th Cir. 2004). However, the apparent reasoning in *Weinman* is that a *stare decisis* rationale for finding that 23(b)(1)(B) is *okay* so long as the *stare decisis* result is *fairly certain*. This is a distinction without a difference. It certainly does not defeat the observation in *Tilley*, *supra*, that such reasoning would "make the other categories under Rule 23(b) superfluous." *Id.* at 41. (*Compare also First Federal of Mich. v. Barrow*, 878 F.2d 912, 920 (6th Cir. 1989), cited by Plaintiffs, which *Tilley* references as a *minority* rule case.) The actually potentially applicable subdivision under which such a "preclusive effect" rationale would be relevant is (b)(**3**) (common questions of law or fact predominate), if its other requirements could be shown, not (b)(1)(B). However, Plaintiffs have not invoked that (b)(3) provision, and therefore have not met their burden to show that this case may be maintained as a class action against the putative Defendant Class.
    Furthermore, adopting the *Weinman* reasoning would raise "vexing issues . . . concerning . . . whether certifying a mandatory defendant class (under either Rule 23(b)(2) or Rule 23(b)(1)(B)) in an action that includes claims for **money damages** violates the due process and Seventh Amendment rights [right to trial by jury] of absent class members." *Tilley*, 345 F.3d at 43 n.8 (emphasis added). Conversely, *Weinman* says its contrary minority rule is "relevant for our due process analysis," *id.* at 1265, apparently because "culpability of individual defendants is of no consequence." *Id.* However, this is **no explanation** of why due process is not implicated. *Weinman* takes the position that this is not really "money damages" relief. *Id.* Obviously, however, Plaintiffs are seeking to "**obtain money**" from Defendants, *irrespective* of the "legal theory" for doing so. *Cf. Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 365 (2011) ("Finally, respondents argue that their backpay claims are appropriate for a (b)(2) class action because a backpay award is equitable in nature. The latter may be true, but it is *irrelevant*. The Rule does not speak of *'equitable' remedies generally* but of injunctions and declaratory judgments.") (emphasis added).

submit a similar rationale applies to *typicality* under these facts.  Individual differing assessments as to liability and recovery apply to differing shareholders, defeating typicality.[6] *See also*:

> But certification becomes inappropriate when, even if there are common questions, "each class member's claim involves so many distinct factual or legal questions." Here, because of the wide variety of potential fact patterns discussed above . . . the court could determine that some of the class members' claims warrant different outcomes than those of others.
>
> Typicality is required so that the class representative may "advance the interests of the entire class." . . . "[T]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." The near certainty of important factual differences arising between various class members and the **distinct possibility of different outcomes** for different cases make it impossible for Noonan to establish, even with discovery, that her claim is typical.

*Noonan v. Ind. Gaming Co., L.P.*, 217 F.R.D. 392, 397 (E.D. Ky. 2003) (emphasis added; citations omitted).[7]  Likewise, the disparate right and extent of recovery by Plaintiffs against various Defendants defeats typicality of the proposed representatives for the Defendant Class.

11.    Further, whether the receipt of dividends constituted ***actual*** fraudulent transfers or not may vary according to *when* the dividends were received.  *Cf. Turnbow*, 2013 U.S. Dist. LEXIS 97275, \*34 ("Dr. Cassidy's training and experience throughout the class period would still need to be considered…") (*i.e.*, as applicable here, the issue of fraudulent *intent* would depend on *at what point* Life Partners became aware that Dr. Cassidy's prognostications were unfounded).[8]

---

[6] *Cf. also Ahmad v. Old Republic Nat'l Title Ins. Co.*, 690 F.3d 698, 704 (5th Cir. 2012) ("jury will have to engage in file-by-file review").

[7] Although addressing *commonality*, the reasoning of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), is *a propos*:
> Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury." . . . That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

*Id*. at 349-50.  *Cf. also* Judge Lynn's opinion in *Turnbow v. Life Partners, Inc.*, No. 3:11-CV-1030-M, 2013 WL 3479884, 2013 U.S. Dist. LEXIS 97275, \*50 (N.D. Tex. July 9, 2013) ("The **damages** must be capable of determination on a class-wide basis") (emphasis added).

[8] *Regardless* of Rule 23(**a**), however, as already shown Rule 23(**b**)(**1**) has not been satisfied--(1) being the only Rule 23(b) subdivision invoked, Plaintiffs having the burden of proof—so it is *unnecessary* for the Court to determine the 23(a) issues.  *Wilborn*, 609 F.3d at 755.  (Even *had* 23(b)(**3**) been invoked, *Wilborn's* analysis defeats its application.)

---

D.    **Improper Venue.**

12.    "[A] trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,375 or a consumer debt of less than $20,450, or a debt (excluding a consumer debt) **against a noninsider of less than $13,650**, **only in the district court for the district in which the defendant resides**." 28 USCS § 1409(b)(Emphasis added).  This provision relates to **proper venue**, which may *vary* from Defendant to Defendant, depending on the size of the dividends involved.  "The purpose of Section 1409(b) ... is to protect small claim creditor defendants who do not reside in the district where the bankruptcy case is filed from having to defend an adversary proceeding in the 'home court.'"  *DynAmerica Mfg., LLC v. Johnson Oil Co., LLC (In re DynAmerica Mfg., LLC)*, No. 08-11515, 2010 WL 1930269, 2010 Bankr. LEXIS 1384, *5 (Bankr. D. Del. May 10, 2010).

13.    Movants acknowledge that there is a difference of opinion among the various courts as to the applicability of this provision to avoidance actions.  *Compare DynAmerica*, *supra*; *Creditors' Trust v. Crown Packaging Corp. (In re Nukote Int'l, Inc.)*, 457 B.R. 668 (Bankr. M.D. Tenn. 2011); *Muskin, Inc. v. APA Transport Corp. (In re Little Lake Industries, Inc.)*, 146 B.R. 463 (Bankr. N.D. Cal. 1992), *aff'd*, *Muskin, Inc. v. Strippit, Inc. (In re Little Lake Industries, Inc.)*, 158 B.R. 478 (9th Cir. Bankr. App. 1993); *Miller v. Hirn (In re Raymond)*, No. 08-82033, 2009 WL 6498170, 2009 Bankr. LEXIS 2053 (Bankr. N.D. Ga. June 16, 2009) (all holding § 1409(b) applies to avoidance actions); with *Klein v. ODS Techs., LP (In re J&J Chemical, Inc.)*, 596 B.R. 704 (Bankr. D. Idaho 2019); *Webster Republic Nat'l Distributing Co., LLC (In re Tadich Grill of Wash. DC LLC)*, 598 B.R. 65 (Bankr. D.D.C. 2019); *Redmond v. Gulf City Body & Trailer Works, Inc. (In re Sunbridge Capital, Inc.)*, 454 B.R. 166 (Bankr. D. Kan. 2011); *Moyer v. Bank of America, N.A. (In re Rosenberger)*, 400 B.R. 569 (Bankr. W.D. Mich. 2008); *Ross v. Buckles (In*

*re Skyline Manor, Inc.)*, No. BK 14-80934, 2015 Bankr. LEXIS 4258 (Bankr. D. Neb. Dec. 18, 2015) (all holding § 1409(b) does not apply to avoidance actions).

14. However, Movants submit that the **best reasoned** of these decisions is *Nukote*, *supra*, 457 B.R. 668, which gives a very thorough analysis, including an in-depth review of the legislative history. *See id*. (holding a contrary conclusion creates an ***internal conflict*** in § 1409, in light of § 1409(**c**), and a conclusion that § 1409 does not reach avoidance actions is anomalous and unreasonable, or even absurd, in light of the *evident purpose* of the provision as a whole). *Cf. also Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987), which references "**two categories**," *id*. at 95 (emphasis added) ("arising under" and "arising in" as one, *i.e.*, "core," and "related to" as the other, *i.e.*, "non-core"), and also notes that the "legislative history" is "instructive." *Id*. at 92. No cases were found in the Fifth Circuit addressing the applicability or not of § 1409(b) to avoidance actions. Therefore, this Court may determine which line of cases is more consistent with sound reasoning, and Movants urge that the analysis in *Nukote* should be adopted.[9]

15. Also, the *Nukote* conclusion avoids the prospect of a possible *personal jurisdiction* problem as well. Even though nationwide service of process in bankruptcy cases results in a review under a "United States" frame of reference, there remains the question whether "process over the defendants comports with notions of fairness and reasonableness under the Fifth Amendment," *Gentry Steel Fabrication, Inc. v. Howard S. Wright Constr. Co. (In re Gentry Steel*

---

[9] Respondents further *disagree* with *Klein* as to **which threshold** applies. 596 B.R. at 714-15. "Property" is equivalent to *chattel*, which does not include "money." *Cf. Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229, 259 ("Money is fungible and not properly characterized as a 'chattel.'") (S.D.N.Y. 2012) (footnote citation omitted); *Reliance Ins. Co. v. U.S. Bank, N.A.*, 143 F.3d 502, 506 (9th Cir. 1998) ("bank accounts . . . are not specific money, but only an acknowledgment by the bank of a ***debt*** to its depositor.") (emphasis added); *Universal Group Dev., Inc. v. Wanzhong Yu*, No. 1:15-CV-0002, 2015 WL 2194811, 2015 U.S. Dist. LEXIS 60201, *12 (D. N. Marina Islands) ("The approximately $225,000 in the account was **not chattel property** . . ., but **rather** the amount of **money** debtor FHB owed to creditor Universal.") (emphasis added) (citing *Reliance Ins.*, *supra*). "Money judgment" obviously refers to an *existing judgment*. So clearly under § 1409(b) a "*debt*" is involved in an avoidance action. *Cf. Reliance Ins.*, *supra*.

*Fabrication, Inc.)*, 325 B.R. 311, 316, 318 (Bankr. M.D. Ala. 2005). Certainly where the *only* "connection" with the forum on the part of those receiving dividends is that the Debtor's case is pending in this forum, and in light of the "small claims" nature of the dispute, it is questionable whether "fairness and reasonableness" allows for extending personal jurisdiction that far.

16. Therefore, class certification should be denied in light of numerous Defendants having the right to be sued in a separate forum from this proceeding—their own districts.

E. **Payment of Class Counsel and Giving Notice.**

17. Pleading in the alternative, in the event the Court were to nonetheless *arguendo* certify the Class and subclasses as Plaintiffs have requested, Respondents note that in such event their undersigned counsel has been nominated by the Plaintiffs to be class counsel. Rule 23(g)(1) requires the Court to appoint class counsel when a Class is certified. The undersigned counsel believes that they meet the test of qualification as Class Counsel under Rule 23(g)(1)(A)(i – iv) and has spoken to a large Dallas firm about serving as co-counsel in the event the Class is certified. Undersigned counsel are not opposed to that designation and appointment *arguendo*, except to note and request *terms of compensation* and also costs of giving of *notice to the class* which the Court should do pursuant to Rule 23(g)(1)(D) and (E).

18. In a *typical* class action, plaintiffs are the class and their counsel may be paid from the *ultimate fund* of any judgment recovery or settlement. Whereas here, the only potential result will be that Defendants will be either absolved of liability in whole or in part, or instead taxed with a judgment. Consequently, there is no potential "fund" that Defendants' class counsel (if any *arguendo*) can look to be paid from. Also, undersigned counsel can certainly not "abide the event" of the outcome of the case to be paid—they cannot and should not "carry" the cost of the defense in this litigation of this case.

18. Given that this is a bankruptcy case, and further in that it is Plaintiffs who stand to benefit were this action to proceed in a class fashion, *payment from the Estate on an "ongoing" basis is the most equitable and reasonable resolution for the payment of fees* for the undersigned as Defendants' class counsel (if appointed pursuant to certification, if any *arguendo*). See:

> Bankruptcy courts are quite expert in evaluating requests for reimbursement and compensation on their merits. In the case at bar, counsel for the Putative Representative will be performing services that: 1) are requested by the estate representative; 2) will reduce the cost to the estate of litigating with likely hundreds of creditors; and 3) may ultimately shorten the time necessary to complete the case. All things considered, the Putative Representative, a creditor, will, by his participation, render a "substantial contribution" that will benefit this Chapter 11 estate. See 11 U.S.C. § 503(b)(3)(D) and (b)(4). His costs, including reasonable compensation for his counsel, ought to be compensated.

*Gray v. Shapiro (In re Dehon, Inc.)*, 298 B.R. 206, 217 (Bankr. D. Mass. 2003). *Cf. also*:

> Although the court has concluded that a class action may be maintained, it sees no reason to make Mrs. McDaniel bear the burdens of managing it, especially since plaintiff, rather than Mrs. McDaniel, stands to benefit from this form of action.

*Dudley v. Southeastern Factor & Finance Corp.*, 57 F.R.D. 177, 180 (N.D. Ga. 1972). *And see Braniff Airways, Inc. v. Interfirst Bank, Dallas, N.A. (In re Braniff Airways, Inc.)*, 22 B.R. 1005, 1009 (Bankr. N.D. Tex. 1982, Fort Worth Div.) (payment of legal costs of defense as an administrative expense in the bankruptcy case fair).

19. Finally, "plaintiff[s] should bear the costs of notice to the shareholders in this action." *Lynch v. MH Liquidating Co.*, 82 F.R.D. 478, 483 (D. S. Dak. 1979).

20. Respondents will file separately a Motion to be Appointed as Interim Counsel pursuant to Rule 23(g)(3) during the Class certification process.

**WHEREFORE**, Movants pray that class certification be **DENIED**. Alternatively, they pray that their legal fees and costs and the notice costs be borne by Plaintiffs or the Estate and that the Court make adequate provision for the defense of the Class representatives and Class, if

certified.

>Respectfully submitted,
>
>/s/Thomas S. Brandon, Jr.
>Thomas S. Brandon, Jr.
>Texas Bar No. 02881400
>Robert A. Simon
>Texas Bar No. 18390000
>**WHITAKER CHALK SWINDLE**
>**& SCHWARTZ, PLLC**
>301 Commerce Street, Suite 3500
>Fort Worth, Texas 76102
>Telephone: (817) 878-0532
>Facsimile: (817) 878-0501
>tbrandon@whitakerchalk.com
>rsimon@whitakerchalk.com
>
>**Attorneys for Alexander Defendants**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served, pursuant to the Federal Rules of Civil Procedure, on attorneys for the Plaintiffs and on all counsel appearing herein via ECF on this the 28th day of June, 2019, and specifically on the following via ECF and by email:

David M. Bennett
Nicole Williams
Jennifer R. Ecklund
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201

>  /s/ Thomas S. Brandon, Jr.
>Thomas S. Brandon, Jr.